**In the Matter of M.A.H.**

No. 2–99–048–CV.

Court of Appeals of Texas,
Fort Worth.

June 15, 2000.

Dean M. Swanda, Arlington, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Michael R. Casillas, Karen Lynn, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Panel F: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION ON REHEARING

PER CURIAM.

We grant M.A.H.'s motion for rehearing. We withdraw our April 20, 2000 opinion and judgment and substitute the following.

After a hearing before the court, the trial court found that M.A.H., a juvenile, engaged in delinquent conduct by committing two instances of indecency with a child. As a result, M.A.H. was required to register as a sex offender pursuant to the Texas Sex Offender Registration Program under chapter 62 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.01(5)(H) (Vernon Supp.2000). On appeal, M.A.H. complains the Sex Offender Registration Program violates his constitutional rights to due process and equal protection of the laws. We will affirm.

### TEXAS STATUTORY SCHEME

Pursuant to the relevant provisions of the Texas Sex Offender Registration Program, a person with a reportable conviction or adjudication for certain sex-related offenses must register with the local law enforcement authority where he resides or intends to reside for more than seven days. *See id.* art. 62.02(a). Registration requires an offender to provide, among other information, his full name, date of birth, sex, race, physical description, social security number, driver's license number, home address, photograph, and fingerprints. *See id.* art. 62.02(b). After registration, the authority must send a copy of the registration form to the Department of Public Safety (DPS). *See id.* art. 62.02(c).

If the victim is younger than 17 years of age and the basis on which the offender is subject to registration is not an adjudica-tion of delinquent conduct, the authority must immediately publish notice in the most widely circulated newspaper in the area. *See id.* art. 62.03(e). Because appellant received an adjudication of delinquent conduct, this provision does not apply to him. If the victim is younger than 17 years of age, regardless of the basis on which the offender is subject to registration, the authority must immediately provide notice by mail to the superintendent of the public school district and to the administrator of any private primary or secondary school located in the district in which the offender intends to reside. *See id.* The notice may include any information the authority determines is necessary to protect the public, except the offender's social security number, driver's license number, or telephone number, and any information that would identify the victim. *See id.* art. 62.03(g). Upon receipt of the notice, the superintendent must disclose the information contained in the notice to appropriate school district personnel, including peace officers and security personnel, principals, nurses, and counselors. *See id.* art. 62.03(e).

The program also requires that DPS maintain a computerized central database containing the information required for registration. *See id.* art. 62.08(a). The information contained in the database is public information, available upon written request. *See id.* art. 62.08(b)-(c). Public information does not include the offender's social security number, driver's license number, and telephone number. *See id.* art. 62.08(b). DPS and local law enforcement are immune from liability for damages arising from release of public information. *See id.* art. 62.09.

A juvenile offender must comply with registration requirements until either ten years from the date of the disposition of his case or ten years from the date of his completion of the terms of the disposition, whichever is later. *See id.* art. 62.12(b)(1). Failure to comply with the registration

---

requirements is punishable as a criminal offense. *See id.* art. 62.10.

## LEGISLATIVE INTENT

The State provides proof that in enacting the current registration and notification plan, the legislature considered the unique threat sex offenders present to public safety, the high rate of recidivism among sex offenders, the low incidence of rehabilitation among sex offenders, and that sexual misconduct often begins as a juvenile. The State provides further proof that the legislature's goal in passing the registration and notification provisions was to advance public safety objectives by facilitating law enforcement's monitoring of sex offenders and by alerting members of the public who may be in an especially vulnerable situation to take appropriate precautions which could deter or prevent further crimes.

## DUE PROCESS

Appellant raises his due process claims in points one through three. Specifically, he contends the Sex Offender Registration Program, as applied to him, violates his due process rights under the Texas Constitution because (1) it requires notification without any preliminary determination that he constitutes a continuing threat to society, (2) it does not restrict the dissemination of information to law enforcement services only, and (3) it does not provide a procedural mechanism to exempt him.

Appellant appears to rely on both due process provisions of the state constitution in support of his argument under these points. *See* TEX. CONST. art. 1, §§ 13, 19. The "open courts" provision found in article 1, section 13 provides in relevant part: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *Id.* art. 1, § 13. The "due course of law" provision found in article 1, section 19 states: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in

any manner disfranchised, except by the due course of the law of the land." *Id.* art. 1, § 19.

The due course of law clause provides general guaranties of due process and is regarded as the traditional due process guaranty. *See Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868, 871 (Tex.App.—Fort Worth 1996, writ denied). The open courts provision provides a specific guaranty of right of access to the courts, and is implicated only where a party shows that he has a well-recognized common law cause of action that is being restricted and that such restriction is unreasonable or arbitrary when balanced against the statute's purpose. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990); *Odak*, 934 S.W.2d at 871.

We agree with the State that appellant fails to identify any common law action to which the open courts provision applies in his first three points. Thus, to the extent appellant relies on the open courts provision in points one through three, his points are overruled. Our analysis of appellant's due process complaints is therefore predicated on the general due course of law clause.

In point one, appellant contends the registration statute, as applied to him individually and in his capacity as a juvenile, violates due process because it authorizes notification without any preliminary determination that he poses a continuing threat to society. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.03(e), (g), 62.08. Appellant contends his reputation and good name are at stake and that the blemish of being labeled a sex offender will impair his ability to function and succeed in society and will follow him into adulthood when juvenile records are typically sealed. He suggests that the nature of his misconduct constitutes little more than the sexual experimentation of a 12–year–old child, and that disclosure of registration information, absent some showing that disclosure is necessary, serves no purpose but to sub-

ject him to humiliation and ostracism from the community.

■ We begin with a presumption that a statute is constitutionally valid. *See HL Farm Corp. v. Self,* 877 S.W.2d 288, 290 (Tex.1994). The burden is on the party attacking the constitutionality of a statute to show the statute at issue is unconstitutional. *See City of Irving v. Dallas/Fort Worth Int'l Airport Bd.,* 894 S.W.2d 456, 466 (Tex.App.—Fort Worth 1995, writ denied). A statute that does not affect a fundamental right or interest is valid if it bears a rational relationship to a legitimate state interest. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); *Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 525 (Tex.1995); *In re J.G.,* 905 S.W.2d 676, 680 (Tex.App.—Texarkana), *writ denied,* 916 S.W.2d 949 (Tex.1995). Even where a fundamental right is implicated, some regulation of that right may be justified by a compelling state interest. *See Roe v. Wade,* 410 U.S. 113, 155, 93 S.Ct. 705, 728, 35 L.Ed.2d 147 (1973) (citing *Kramer v. Union Free Sch. Dist.,* 395 U.S. 621, 627, 89 S.Ct. 1886, 1889–90, 23 L.Ed.2d 583 (1969)); *City of Sherman v. Henry,* 928 S.W.2d 464, 477 (Tex.1996), *cert. denied,* 519 U.S. 1156, 117 S.Ct. 1098, 137 L.Ed.2d 230 (1997).

To trigger the protections of the due process clause, appellant must show that the notification requirements deprive him of some liberty or property interest. *See* TEX. CONST. art. 1, § 19. In other words, appellant must point to a right conferred by state law or the constitution that would justify nondisclosure of the registration information. To this end, he asserts that his reputation or good name constitutes a "cognizable liberty interest" for purposes of triggering due process protection.

Mere injury to an adult sex offender's reputation alone has been held to be insufficient to implicate a legitimate liberty interest under other state statutory schemes. *See Cutshall v. Sundquist,* 193 F.3d 466, 479 (6th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1554, 146 L.Ed.2d 460 (2000); *Russell v. Gregoire,* 124 F.3d 1079, 1094 (9th Cir.1997), *cert. denied,* 523 U.S. 1007, 118 S.Ct. 1191, 140 L.Ed.2d 321 (1998); *E.B. v. Verniero,* 119 F.3d 1077, 1102–04 (3rd Cir.1997), *cert. denied,* 522 U.S. 1110, 118 S.Ct. 1039, 140 L.Ed.2d 105 (1998); *Artway v. Attorney Gen. of New Jersey,* 81 F.3d 1235, 1268–69 (3rd Cir.1996); *Doe v. Pataki,* 3 F.Supp.2d 456, 467 (S.D.N.Y.1998); *see also Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976) (reputation alone is not a constitutionally protected liberty interest); *Alford v. City of Dallas,* 738 S.W.2d 312, 317 (Tex.App.—Dallas 1987, no writ) (reputation alone apart from a more tangible interest such as employment is not a liberty interest that is protected by the due process clause). And, in the absence of authority establishing a protectable liberty interest in a child's reputation, we decline to establish such a right in favor of the juvenile sex offender.

■ Although we are aware that the juvenile justice system is arranged with a special emphasis on the welfare of the child, sex offenders present special problems. In answer, the legislature enacted the registration and concomitant notification requirements in an apparent attempt to strike a balance between the goals of providing for the well-being of the child and protecting society from both the adult as well as the youthful sex offender. We are also aware that sexual offenses encompass a range of very different kinds of conduct implying varying degrees of seriousness and that recidivism rates may change significantly depending on the offender's circumstances.[1] However, whether application of the program should be

---

1. Appellant was evaluated as a "naive experimenter offender type," and placed in the "extreme low end of the moderate risk category" on the O'Brien Risk Assessment Scale for Adolescent Sex Offenders.

contingent upon the juvenile's age or the seriousness of the offense is a question left to the legislature. After applying the rational basis test, we conclude the registration and notification statutes bear a rational relationship to the State's interests sought to be protected and advanced by the legislation.

To the extent disclosure of the information may result in damage to appellant's reputation coupled with some additional interest—e.g ., appellant's community relations or his educational or employment opportunities, such effects are purely speculative on the present record. There is some evidence that appellant was attending an "alternative school" as a result of "this law violation," but no indication that he was attending the alternative program as a result of registration and notification. Importantly, his enrollment in the alternative program shows he has not been deprived entirely of educational access, for whatever reason, stemming from the juvenile proceedings.

Although dissemination of the information contemplated by the program to the community may be potentially harmful to appellant's personal reputation, we conclude he has failed to articulate a liberty interest that entitles him to the protection of due process. Therefore, the due process required in juvenile proceedings was all the due process that was necessary. Appellant was found to have engaged in delinquent conduct for indecency, conduct which he admittedly inflicted upon a 7–year–old girl, thus triggering the registration and notification requirements, only after a hearing where he had the opportunity to call witnesses and present evidence in his defense. See *Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir.1997). Any additional requirement that an individualized hearing be conducted for purposes of determining whether appellant presents a continuing threat to society before dissemination of the information is not warranted on the basis of deprivation of reputation. Point one is overruled.

In point two, appellant contends the dissemination of information beyond the law enforcement community, particularly when there has been no showing that it is necessary, is irrational. This court is cognizant that society has legislatively adopted the view that children who violate the law should be treated differently, i.e., less severely, than adults. For this reason, we assume the legislature prohibited publication to the media in the case where the offender is a juvenile. Notwithstanding this exception, the legislature clearly intended to subject juveniles adjudicated for sexually-related offenses to the mandates of the registration and notification provisions. Providing ready access to information on known sex offenders is a reasonable method of accomplishing the desired objectives of protecting the public and preventing sex offenses, especially, in this context, those perpetrated against children by other children in close proximity. A notified public may prevent crimes with greater attention and caution. Accordingly, dissemination of registration information is a rational means toward a legitimate state purpose. Point two is overruled.

In point three, appellant contends the program violates his due process rights as applied to him because it does not provide a procedural mechanism to exempt him, but does provide such a mechanism to exempt more serious offenders. Appellant premises his argument on former article 62.12(c) of the code of criminal procedure, which provided for exemption of violent sex offenders subject to lifetime registration under specific circumstances. See Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2261, *repealed by* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 25, 1999 Tex. Gen. Laws 4831, 4841. The assessment of different procedures and penalties for different types of criminal conduct is a matter within the province of the legislature. See *Ex parte Smith*, 849 S.W.2d 832, 835 (Tex.App.—Amarillo 1992, no pet.). Be-

cause the exemption procedure of former article 62.12(c) pertains to different persons and different, albeit similar, criminal conduct, we conclude the due process clause is not implicated. Appellant is subject to the same registration period and procedures as all similarly situated non-violent sex offenders. Point three is overruled.

### EQUAL PROTECTION

Finally, appellant claims the registration and notification requirements violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. The equal protection clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This means that "all persons similarly situated should be treated alike." *City of Cleburne*, 473 U.S. at 439, 105 S.Ct. at 3254. Unless the legislation classification under attack involves fundamental rights or a suspect class, the equal protection standard, like due process, requires only that the classification be rationally related to a legitimate government goal. *See id.* at 440, 105 S.Ct. at 3254.

In point four, appellant complains the program violates his equal protection rights because he is required to register without a determination that he constitutes a continuing threat to society, whereas other comparable state schemes require some showing that the registrant poses some kind of threat to the community or a finding that the registrant is a repeat or habitual sex offender before dissemination of information to the community. Moreover, appellant proposes that he is similarly situated to other juveniles and adult offenders convicted or adjudicated for crimes that do not fall within the purview of the program, but that, unlike those offenders, he is subject to registration and accompanying notification.

■■■ Appellant concedes sex offenders are not a suspect class for equal protection purposes. *See Cutshall*, 193 F.3d at 482. Nor are juveniles treated as a suspect class for purposes of an equal protection analysis. *See In re J.G.*, 905 S.W.2d at 680. Accordingly, appellant relies on the argument that individually and in his capacity as a juvenile, he has a constitutionally protected liberty interest in his reputation. We have determined this issue against appellant. Therefore, under the rational basis test, the legislature need only have a rational reason for distinguishing sex offenders from those convicted of other crimes. *See Lanni v. Engler*, 994 F.Supp. 849, 855 (E.D.Mich. 1998).

■■ We are sensitive to the fact that registration and the attendant notification requirements may have a lasting and painful impact on appellant's life. Nonetheless, given the particular concerns about law enforcement and public safety with respect to sex offenses, we conclude the disparate treatment afforded juvenile and adult sex offenders, alike, is justified. Because the notification provisions are reasonably related to enhancing public awareness that a sex offender may be living in the community, so that appropriate precautions may be taken, we cannot say the notification requirements are irrational. Therefore, this claim must also fail. Point four is overruled.

■■ . In point five, appellant asserts the program violates equal protection because it provides an exemption procedure to lifetime registrants under former article 62.12(c) without providing a similar exemption procedure for him. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2261. As noted in our discussion of appellant's point three, the legislature is authorized to assess different penalties for different types of proscribed conduct. Appellant's right to equal protection of the laws is not violated merely because he is treated differently from another person who commits different, although similar, conduct charged under a different statute. *See Smith v.*

*State,* 898 S.W.2d 838, 847–48 (Tex.Crim. App.), *cert. denied,* 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995); *Schneider v. State,* 951 S.W.2d 856, 861–62 (Tex.App.— Texarkana 1997, pet. ref'd). The legislature clearly intended to use different procedures and impose a potentially lifelong registration penalty upon those adjudicated or convicted for more egregious offenses involving sexually violent conduct, and enacted the statute with different purposes and objectives in mind. Because appellant is treated the same as all similarly situated nonviolent sex offenders for purposes of the duration of the registration requirements, appellant's argument fails. *See Sonnier v. State,* 913 S.W.2d 511, 520–21 (Tex.Crim.App.1995). Point five is overruled.

We affirm the trial court's judgment.