Affirmed and Memorandum Opinion filed April 3, 2003









Affirmed and Memorandum Opinion filed April 3, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00750-CR

____________

 

EX PARTE JOSELITO MERCADO, Appellant



 

 



 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 917,476

 



 

M E M O R A N D U M   
O P I N I O N

Appellant is charged with violating a provision of the Sex
Offender Registration Program (SORP).  Tex. Code Crim. Proc. Ann. ' 62.06 (Vernon Supp. 2002).  After denial of a pretrial writ of habeas
corpus challenging the constitutionality of the statute under which he is
charged, appellant appeals.  We affirm
the denial of habeas relief.

PROCEDURAL AND FACTUAL BACKGROUND

Appellant Joselito Mercado was charged with indecency with a
child.  Tex.
Pen. Code Ann. ' 21.11(a)(1) (Vernon 1994). 
The trial court deferred a finding of guilt and placed him on community
supervision for five years.  At the time
he received deferred adjudication, appellant was 34 years old; complainant was
fourteen.








Appellant successfully completed his deferred adjudication as
of December 15, 2001.  Prior to completion
of his probation, the trial court permitted appellant to marry the
complainant.  In accordance with Chapter
62 of the Texas Code of Criminal Procedure, appellant was required to register
as a sex offender from the time he was placed on community supervision.[1]  That obligation continues to the
present.  

The current charge stems from appellant=s failure to comply with the
SORP.  The indictment alleges appellant
did “intentionally and knowingly fail to report to verify registration” as a
sexual offender as required by Article 62.06 of the Texas Code of Criminal
Procedure.[2]  Appellant was arrested and his liberty
curtailed by the conditions of a pretrial bond.           Appellant filed a pretrial writ of habeas corpus that
leveled a facial challenge to the constitutionality of the SORP.  The trial court granted the writ and held a
hearing, but the court denied relief and upheld the constitutionality of the
statute.  Appellant filed a timely notice
of appeal.

ISSUES ON APPEAL

Appellant asserts five points of error, contending the SORP
violates the United States and Texas Constitutions (1) by violating the
principles of procedural due process; (2) by infringing on substantial liberty
interests in violation of the prohibition against cruel and unusual punishment;
(3) by violating the United States and Texas Constitutions= proportionality doctrines; (4) by
infringing on the fundamental right to movement and right to travel; and (5) by
being void for vagueness.








STANDARD OF REVIEW

When reviewing the constitutionality of a statute, we presume
the statute is valid and the legislature has not acted unreasonably or
arbitrarily in enacting the statute.  Ex
parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); Dean v.
State, 60 S.W.3d 217, 219 (Tex. App.CHouston [14th Dist.] 2001, pet.
filed); see also I.N.S. v. Chadha, 462 U.S. 919, 944, 103 S. Ct. 2764,
2780 (1983).  The burden rests on the
party challenging the statute to establish its unconstitutionality.  Granviel, 561 S.W.2d at 511; Dean,
60 S.W.3d at 219. 

The defendant must show that in its operation, the statute is
unconstitutional as to him in his situation; that it may be unconstitutional as
to others is not sufficient.  Parent
v. State, 621 S.W.2d 796, 797 (Tex. Crim. App. 1981); Ex parte Robinson,
80 S.W.3d 709, 713 (Tex. App.CHouston [1st Dist.] 2002, pet. granted). We uphold the
statute if we can determine a reasonable construction which will render it
constitutional and carry out the legislative intent.  See Ely v. State, 582 S.W.2d 416, 419 (Tex.
Crim. App. 1979.  Dean, 60 S.W.3d
at 219.  If a statute is capable of two
reasonable constructions, one of which sustains its validity, courts will give
to it the interpretation that sustains its validity.  Townsend v. State, 427 S.W.2d 55, 62 (Tex.
Crim. App. 1968); Dean, 60 S.W.3d at 219. 

THE TEXAS SEX OFFENDER 

REGISTRATION PROGRAM

 

The Texas SORP, contained in chapter 62 of the Texas Code of
Criminal Procedure, requires a person convicted of an enumerated offense to
register with the local law enforcement authority of any county or municipality
in which the person expects to reside for longer than seven days.  See Tex.
Crim. Proc. Code Ann. ' 62.02(a) (Vernon Supp. 2002).  If the offender moves, he must register with
the local law enforcement authority in the county or municipality in which his
new residence is located.  Id. at ' 62.04.  








The SORP requires the Department of Public Safety (DPS) to
compile information gathered from registrants and share it with law enforcement
authorities and the public.  Id.
at '' 62.02 and 62.03(e).  To achieve this end, the DPS maintains a
computerized central database containing registration information.  Id. at ' 62.08.  Information in this database is public
information and published on the Internet.[3]  Id.  


The DPS= Internet website enables citizens to obtain the name and
address, photograph, and physical description of a registered sex offender by
entering a zip code or city.  It also
enables citizens to access information regarding a sex offender=s risk to the community,[4]
his specific offense, the number of counts with which he was charged, the
victim=s age and gender, and the number of
years and status of the offender=s sentence.  Id. at '' 62.045(d) and 62.03(f). 

Once a person registers with the SORP, he or she is expected
to verify registration at regular intervals for a specified number of
years.  Id. at '' 62.06, 62.061, and 62.12.  The length of time a person must comply with
the requirements of the SORPCand the frequency with which he is expected to register or
verify registrationCvary according to the severity of the offense committed.  See id. at ' 62.12.  In appellant=s case, appellant must verify
registration annually for ten years after being released from deferred
adjudication.  See id. at ' 62.12(b)(2).








An individual commits an offense under the SORP if he is
expected to register or verify registration and fails to comply with any
program requirement.  Id. at ' 62.10.  Failure to comply with any SORP requirement
results in either a state jail felony, felony of the third degree, or felony of
the second degree, depending on the frequency of registration required.  Id. at ' 62.10(b).  For a person such as the appellant, who is
receiving deferred adjudication for indecency with a child, the failure to
comply with a SORP registration requirement is a state jail felony.  See id. at ' 62.10(b)(1).  A person adjudged guilty of a state jail
felony may receive state jail confinement of not more than two years or less
than 180 days, and, additionally, may be punished by a fine not to exceed $
10,000. 
Tex. Pen. Code ' 12.35 (Vernon 1994).

PROCEDURAL DUE PROCESS

In his first point of error, appellant asserts the SORP
violates the principles of procedural due process guaranteed by the Fourteenth
Amendment of the United States Constitution and Article 1, Section 19 of the
Texas Constitution.[5]  Because appellant has not separately briefed
his state and federal constitutional claims, we assume he claims no greater
protection under the state constitution than that provided by the federal
constitution.  See Muniz v. State,
851 S.W.2d 238, 251B52 (Tex. Crim. App. 1993); Varnes v. State, 63 S.W.3d
824, 829 (Tex. App.CHouston [14th Dist.] 2001, no pet.).[6]








Actions asserting deprivation of procedural due process
involve a sequential analysis.  First,
the court conducts an inquiry into whether the challenged conduct affects a
protected life, liberty, or property interest. 
Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705
(1972); Univ. of Tex. Med. Sch. v. Than, 901 S.W.2d 926, 929 (Tex.
1995).  If so, the second step is to
determine whether the level of process afforded to the plaintiff was
sufficient, i.e. whether the right to due process was violated. Id.; Mathews
v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976).  Finally, when the level of process afforded
has been determined to be inadequate, the court determines what additional
process is due.  See Morrissey v.
Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972); see also
Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904,
1908 (1989). 

1.         Liberty or
property interest

Procedural due process requirements attach only to the
deprivation of constitutionally-protected property and liberty interests.  Board of Regents, 408 U.S. at 569B70, 92 S. Ct. at 2705; Reese v.
State, 877 S.W.2d 328, 331 (Tex. Crim. App. 1994).  Protected liberty interests may arise from
two sources: the Due Process Clause itself and the laws of the States.  Kentucky Dept. of Corr., 490 U.S. at
460, 109 S. Ct. at 1908.[7]  Appellant therefore must show compliance with
the SORP deprives him of a property or liberty interest.  See In re. M.A.H., 20 S.W.3d 860, 864 (Tex.
App.CFort Worth 2000, no pet.).  This the appellant has failed to do. While he
asserts he has a protected liberty interest in being free of the stigma
associated with registration as a sexual offender, he fails to point to any
Texas law guaranteeing him such an interest.[8]








An individual=s reputation aloneCapart from some more tangible
interestCis not enough to establish a due
process violation in that it is neither a “liberty” nor a “property interest”
by itself sufficient to invoke the procedural protection of the Due Process
Clause.  Paul v. Davis, 424 U.S.
693, 701, 96 S. Ct. 1155, 1163 (1976); Robinson, 80 S.W.3d at 714; M.A.H.,
20 S.W.3d at 864 (collecting cases).  See
also Connecticut v. Dep’t of Public Safety v. Doe, CU.S.C, CS. Ct.C, 2003 WL 728779, at *3 (Mar. 5,
2003) (mere injury to reputation, even if defamatory, does not constitute
deprivation of liberty interest).  Nor is
ensuing impairment of future employment opportunities.  Siegert v. Giffey, 500 U.S. 226, 233B35, 111 S. Ct. 1789, 1794 (1991).  Simply stated, defamation by itself is a
tort actionable under the laws of most states, but not a constitutional
deprivation.  Id.  Stigmatization is an injury to reputation by
itself; the freedom from stigmatization is not a liberty interest protected
under the Fourteenth Amendment.  Id.

To establish a liberty or property interest in his reputation
that the Fourteenth Amendment will protect against state action, appellant must
show (1) a defamatory state action against appellant; (2) accompanied by a
change of appellant=s status as previously recognized under state law.  Robinson, 80 S.W.3d at 714; Paul,
424 U.S. at 711B12, 96 S.C. at 1165. 
Thus, there must be evidence of defamation thatCwith some degree of certaintyCwill lead to loss of or injury to a
more tangible interest.  Id.; Marrero
v. City of Hialeah, 625 F.2d 499, 515B19 (5th Cir. 1980).  This is sometimes referred to as the “stigma
plus infringement” test.  Paul,
424 U.S. at 701B708, 96 S. Ct. at 1160B1165. 









Here, appellant=s argument fails to pass the “stigma
plus” test.  First, the information he
claims the State is improperly disseminating against himCnamely, that he was adjudicated for a
sexual offenseCis true.[9]  Therefore, he cannot establish the first
element of a defamatory state actionCor “stigma”Cagainst him.  See Robinson, 80 S.W.3d at 714B15.

Second, he points to no change in status recognized under
Texas law, and fails to cite Texas law extending any legal guarantee of present
enjoyment of reputation which has been altered by the SORP.  Id. 
Indeed, he has produced no evidence that his reputation in the community
was damaged or that he was denied educational or employment opportunities.  The only injuries he cites are conclusory
statements that Texas= SORP infringes on his right to privacy and creates a loss of
employment opportunities.

Because appellant has failed to demonstrate (1) damage to his
reputation coupled with (2) a specific loss, he has not brought himself under
Fourteenth Amendment procedural due process protection.  See id. (finding no protected liberty or
property interest violated by the SORP where appellant failed to allege State
action disseminating false information that damaged his reputation in community
or education or employment opportunities); M.A.H., 20 S.W. 3d at 865.




2.         Due process
requirements  

Because we find no conduct affecting a protected life,
liberty, or property interest, we need not address whether the process afforded
appellant was sufficient.  Mathews v.
Eldridge, 424 U.S. at 332B33, 96 S. Ct. at 901B02.[10]









Accordingly, we overrule appellant=s first point of error.[11]
  See also Connecticut Dep=t of Public Safety, 2003 WL 728779, at *4 (finding no
due process violation under Connecticut=s sex offender registration act even
if injury to appellant=s reputation constituted deprivation of a liberty interest).




EIGHTH AMENDMENT PUNISHMENT ISSUES

 

In his second and third points of error, appellant asserts
the Texas SORP registration requirements violate the Eighth Amendment of the
United States Constitution and Article 1, Section 13 of the Texas Constitution
(1) by creating collateral consequences that infringe upon substantial liberty
interests, and (2) by violating the proportionality doctrine, which protects
against cruel and unusual punishment.[12]  We disagree. 

1.         Requiring someone to register as part of the SORP is not “punishment.”








In his second point of error, appellant claims the SORP=s registration requirements are
unconstitutional because they require him to register even though he has paid
his debt to society.  He asserts that,
because he has successfully completed deferred adjudication, he should not be “punished”
by the collateral consequence of having to verify registration and have his
offense made known to the public. 
Appellant=s argument is without merit.

The United States Supreme Court and Texas Court of Criminal
Appeals have recently ruled that dissemination of the fact that a person is a
convicted sex offender does not constitute punishment.  Smith v. Doe, CU.S.C,CS. Ct.C, 2003 WL 728556, at *5
(March 5, 2003) (finding Alaska=s sex offender registration act to be
non-punitive and so nonviolative of ex post facto laws); Rodriguez v.
State, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002) (finding (1) Texas
Legislature=s intent in passing the SORP was
civil and remedial in nature, and (2) the effect of the Texas SORP is not so
punitive as to transform the statute into a criminal sanction).  See also Robinson, 80 S.W.3d  at 715 (the Texas SORP creates no collateral
consequences and so does not violate proportionality doctrine); Dean, 60
S.W.3d at 225 (the Texas SORP is “essentially regulatory” and so not violative
of ex post facto laws).  Its
intent is remedial, not punitive.  Smith,
2003 WL 728556 at *8; Rodriguez, 93 S.W.3d at 69; Dean, 60 S.W.3d at 220B21 (collecting cases).[13]


Because Chapter 62 of the Texas Penal Code is essentially “regulatory,”
not punitive, appellant=s argument has no merit. 
We therefore overrule appellant=s second point of error.  

2.         Because the SORP is non-punitive, compliance with the SORP
cannot constitute “cruel and unusual” punishment. 








In his third point of error, appellant contends the Texas
SORP violates the constitutional prohibition against cruel and unusual
punishment because “non-dangerous” offenders register in the same manner as “dangerous”
offenders.  This, asserts appellant,
results in “punishment” that is disproportionate to the offenses for which
non-dangerous offenders are convicted.  We
disagree.

The Eighth Amendment protection against “cruel and unusual”
punishment is triggered only if there is punishment.  Trop, 356 U.S. at 96, 78 S. Ct. at
595.  Having concluded the SORP=s registration requirements are
non-punitive, we find there is no punishment.        Accordingly,
we overrule appellant=s third point of error. 
See Smith, 2003 WL 728556 at *1 (because Alaska sex offender
registration act is nonpunitive, its retroactive application did not violate ex
post facto clause); Rodriguez, 93 S.W.3d at 79 (because Texas SORP
is non-punitive, it merits no ex post facto protection).

RIGHT TO TRAVEL

In his fourth point of error, appellant asserts the SORP
infringes upon his fundamental right to movement and right to travel in and
among the various states in violation of the Fourteenth Amendment of the United
States Constitution and Article 1, Sections 3 and 19 of the Texas Constitution.[14]  We disagree.








Freedom to travel throughout the United States is a basic
constitutional right.  Att’y Gen. of N.Y. v. Soto-Lopez, 476 U.S.
898, 901B02, 106 S. Ct. 2317, 2320
(1986).  A person=s right to travel embraces three
components: (1) the right of a citizen of one state to enter and leave another
state; (2) the right to be treated as a welcome visitor rather than an
unfriendly alien when temporarily present in the second state; and (3) the
right to be treated like other citizens should a traveler elect to become a
permanent resident.  Saenz v. Roe,
526 U.S. 489, 500, 119 S. Ct. 1518, 1525 (1999).  Any classification that penalizes the
exercise of the right to travel survives scrutiny if it is necessary to promote
a compelling governmental interest.  Dunn v. Blumstein, 405 U.S. 330, 339, 92
S. Ct. 995, 1001 (1972); Saenz, 526 U.S. at 504B05, 119 S. Ct. at 1527.  

A state law implicates the right to travel when it actually
deters travel, when impeding travel is its primary objection, or when it uses
any classification which serves to penalize the exercise of that right.  Soto-Lopez, 476 U.S. at 903, 106 S.
Ct. at 2321; Robinson,80 S.W.3d at 715. 
Travelers, however, do not have a constitutional right to the most
convenient form of travel.  Cramer v.
Skinner, 931 F. 2d 1020, 1031 (5th Cir. 1991). See also Robinson, 80
S.W.3d at 715 (finding the Texas SORP does not violate appellant=s right to travel).  Minor restrictions on travel simply do not
amount to the denial of a fundamental right that can be upheld only if the
government has a compelling justification. 
Cramer, 931 F.2d at 1031. 
The right to travel is thus subject to reasonable regulation.  Robinson, 80 S.W.3d at 715B16; Sullivan v. University
Interscholastic League, 599 S.W.2d 860, 864 (Tex. App.CAustin 1980), aff’d
in part and rev=d in part on other grounds, 616 S.W.2d 170 (Tex. 1981). 

Here, the SORP has not denied appellant his fundamental right
to travel.  Appellant is not prohibited
from traveling; indeed, he may travel wherever he pleases.  However, when he changes his residence or
regularly visits a location, he must report that fact to the local law
enforcement authority.  See Tex. Crim. Proc. Code Ann. ' 62.04(a) (Vernon Supp. 2002); Robinson,
80 S.W. 3d at 716.  Merely having to
report a change in residence or regular visitationCa minor restriction on one=s right to travelCdoes not deny appellant or other
sexual offenders the fundamental right to travel.  See id.; Cramer, 931 F.2d at
1031. 

Because the SORP does not deny appellant his fundamental
right to travel, we review the statute under the “rational basis” testCi.e. is the statute reasonable, not
arbitrary, and rationally-related to a legitimate state interest?  See Cleburne, 473 U.S. at 440, 105 S.
Ct. At 3254.








We conclude Chapter 62 of the Texas Penal Code is
constitutionally sound.  The State has a
legitimate interest in alerting the public to persons who pose a threat, and
the SORP is rationally related to that interest.  See Rodriguez, 93 S.W.3d at 74 (the
SORP promotes public safety “by alerting the public to the presence of sex
offenders”); M.A.H., 20 S.W.3d at 863.

Because Texas= SORP registration requirements are rationally related to a
legitimate State purpose, appellant=s constitutional challenge to the
SORP on the basis of violation of his right to movement fails.  Appellant demonstrates only an indirect
burden on his right to travel; such a restriction does not deny him his fundamental
rights. See Cramer, 931 F.2d at 1031; Robinson, 80 S.W.3d at
716.       

Accordingly, we overrule appellant=s fourth point of error.

VOID FOR VAGUENESS 

In his final point of error, appellant asserts the Texas SORP
is void for vagueness in violation of the Fourteenth Amendment to the United
States Constitution and Article 1, Section 19 of the Texas Constitution.  Because there are “at least two dozen ways”
to violate SORP registration requirements, argues appellant, the statute (1)
lacks “sufficient definiteness that ordinary people can understand what conduct
is prohibited”; and (2) encourages arbitrary and discriminatory enforcement.[15]  We disagree.








When a vagueness challenge involves First Amendment concerns,
a statute may be held facially invalid even though it is not unconstitutional
as applied to the appellant=s conduct.  Long v.
State, 931 S.W.2d 285, 288 (Tex. Crim. App. 1996); DeWillis v. State,
951 S.W.2d 212, 214 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d). 
When no First Amendment rights are involved, the court need only examine
a statute to determine whether it is impermissibly vague as applied to the
appellant=s specific conduct.  Id.; Bynum v. State, 767 S.W.2d 769,
774 (Tex. Crim. App. 1989).  The
appellant must establish the statute is unconstitutional as applied to him;
that it might be unconstitutional to others is not sufficient.  See id.; DeWillis, 951 S.W.2d
at 214B215.

Because we find no authority suggesting sex offenders have a
constitutionally-protected right under the First Amendment to live without
disclosure of their geographic location to local authorities or to live without
disclosure of their offenses to the public, we look only to see if the SORP is
impermissibly vague as applied to appellant=s conduct.  See id. at 217; Bynum, 767
S.W.2d at 774.  We conclude that it is
not.  

A statute is void for vagueness if it does one of two
things.  First, it is void if it fails to
give a person of ordinary intelligence fair notice that his or her contemplated
conduct is forbidden by statute. Papachristou v. City of Jacsonville,
405 U.S. 156, 162, 92 S. Ct. 839, 843 (1972); Kolendar v. Lawson, 461
U.S. 352, 357, 103 S. Ct. 1855, 1958 (1983); Cotton v. State, 686 S.W.2d
140, 141 (Tex. Crim. App. 1985).  
Second, it is void if it encourages arbitrary and erratic arrests and
convictions. Id.  See also
Bynum, 767 S.W.2d at 775.  The SORP
does neither.

1.         Fair notice 

A statute that forbids or requires the doing of an act in
terms so vague that men of common intelligence must guess as to its meaning and
differ as to its application lacks the first essential element of due
process.  DeWillis, 951 S.W.2d at
214.  Indeed, laws that are not
sufficiently definite, such that their terms and provisions may be “known,
understood, and applied,” are void and unenforceable.  Id.  Thus, a statute is unconstitutionally “void
for vagueness” when no standard of conduct is specified at all or when no core
of prohibited activity is defined.  Briggs
v. State, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987).

In the instant case, appellant claims the SORP statutes do “not
adequately define and differentiate the actus reus element in an
articulable manner.”  We disagree.








First, appellant clearly had “notice” that the SORP pertained
to him.  His duty to register and verify
registration was specifically detailed in the Texas Code of Criminal
Procedure.  See Tex. Crim. Proc. Code Ann. ' 62.02(a) (Vernon Supp. 2002)(“[a]
person who has a reportable conviction or adjudication . . . shall register or
. . . verify registration”); ' 62.01(5)(I)(a “[r]eportable conviction or adjudication means
. . . a deferred adjudication for . . . Indecency with a Child.”); ' 62.04(a) (“If a person required to
register intends to change address . . . the person shall . . . report in
person . . .”); ' 62.06(b) (“A local law enforcement authority . . . may
direct . . . person to report . . . to verify”); ' 62.062(a) (“A person subject to this
chapter who [visits another municipality or county] shall report . . .”); ' 62.10 (“A person commits an offense
if . . . [he] fails to comply with any requirement of this chapter”).  Certainly, any adult of ordinary intelligence
would know failure to register or to verify registration would result in a
harsh penalty and would act accordingly. 
See Robinson, 80 S.W.3d at 716 (finding the SORP not void for
vagueness where wording of article 62.04(a) was “sufficiently explicit” to
inform defendant of prohibited conduct).

Additionally, appellant complied with the SORP for five
years.  Evidence shows he initialed a “sex
offender registration acknowledgment form,” signed an “adult sex offender
registration pre-release notification form,” and registered or verified
registration on five separate occasions. 
Clearly, appellant was aware of, and understood, the SORP registration
requirementsCand knew they applied to him.  

Because appellant=s conduct was covered by the SORP
statute, appellant cannot complain of the vagueness of the law as applied to
others.  See Sanchez v. State, 995
S.W.2d 677, 683 (Tex. Crim. App. 1999). 
Thus, like the Robinson court, we hold that the wording of
article 62.04(a) is sufficiently explicit to inform those subject to it, like
appellant, of prohibited conduct.  See
Robinson, 80 S.W.3d at 716.

2.         Arbitrary
arrests and convictions








Statutes that delegate basic policy matters to policemen,
judges, and juries for resolution on an ad hoc and subjective basis are
impermissibly vague.  Grayned v. City
of Rockford, 408 U.S. 104, 108B9 (1972); Bynum, 767 S.W.2d at
775.  So, too, are statutes that
establish indeterminate guidelines for law enforcement.  Long v. State, 931 S.W.2d 285,
287  (Tex. Crim. App. App. 1996). 

Here, appellant claims the SORP “encourages arbitrary and
capricious enforcement” because it “leaves the decision [to prosecute SORP
violations] entirely in the hands of law enforcement officials.”  This argument is without merit.

First, Texas law is very explicit about how authorities are
to enforce the SORP.  See Tex. Crim. Proc. Code Ann. '' 62.03 and 62.06 (Vernon Supp. 2002)
(detailing how and when authorities are to inform sex offenders about the
program, register offenders, and verify registration information); ''' 62.03(f), 62.045, and
62.0451(detailing how and when authorities are to publish SORP information); ' 62.035 (detailing how authorities
are to conduct risk assessments); ' 62.08 (detailing what is to be
maintained in offender databases); ' 62.10 (detailing what constitutes
SORP violation); and ' 62.12 (detailing how long authorities must enforce
registration or verification procedures for individual offenders).  Virtually nothing is delegated to policemen,
judges, or juries regarding how the SORP is enforced.  Appellant himself acknowledges there are more
than “two dozen ways” a person can violate the SORP registration
requirements.  Rather than finding such
specificity to be “vague,” we conclude it offers an unusual degree of detail
and clarity regarding behavior that triggers non-compliance.

Next, evidence indicates authorities followed the prescribed
procedures: appellant was directed to comply with the SORP registration
requirements; appellant was asked to sign a sex offender registration
acknowledgment form indicating he knew he had to verify registration for ten
years after discharge from supervision; appellant was asked to sign
verification update forms; a peace officer visited with appellant at his
residence on December 7, 2001, to inform him of the need to verify before
January 11, 2002; and the State confirmed appellant was not registered with
another law enforcement agency prior to seeking its January 19, 2002
indictment. 








Because we find (1) appellant had fair notice of the SORP
registration requirements, and (2) the SORP does not encourage arbitrary and
erratic arrests and convictions, we conclude the SORP is not void for
vagueness.  Accordingly, we overrule
appellant=s fifth point of error.

CONCLUSION

Having
overruled all appellant=s points of error, we affirm the judgment of the trial court
denying appellant habeas relief.

 

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed April 3, 2003.

Panel consists of
Justices Yates, Anderson, and Frost.

Do not publishCTex. R. App.
P. 47.2(b).











[1]  The SORP
places a duty to register on a person who has a Areportable
conviction or adjudication.@ Tex. Crim.
Proc. Code Ann. ' 62.02(a) (Vernon Supp. 2002).  It specifies that deferred adjudication for a
violation of Tex. Penal Code ' 21.11 (indecency with a child) is a reportable
offense.  Tex. Crim. Proc. Code Ann. '
62.01(I)(i) (Vernon Supp. 2002).  An
individual commits an offense under the SORP if the person is required to
register or verify registration and fails to comply with any of the program=s requirements.  See Tex.
Crim. Proc. Code Ann. '' 62.10 and 62.101 (Vernon Supp. 2002).





[2]  Appellant=s original indictment, dated January 17, 2002, stated
appellant Aintentionally and knowingly did fail to report to
register.@  On July 12,
2002, the indictment was amended to read Aintentionally
and knowingly did fail to verify registration.@





[3]  The
information published includes the person=s full
name, age, and gender; a brief description of the person=s offense; the person=s
address; and a recent photograph.  See
Tex. Crim. Proc. Code Ann. ' 62.03 (Vernon Supp. 2002).  Although an offender is required to provide
his or her social security number, driver=s
license number, and telephone number at the time he or she registers, this
information is not made public.  See
id. at ' 62.03(g) (Vernon Supp. 2002). 





[4]  Under the
SORP, authorities must assess the offender=s level
of risk to the community using a sex offender screening tool outlined in ' 62.035, and a numeric risk level of one, two, or
three is assigned to the individual.  Id.
at '' 62.03(a) and (c), and 62.035. 

 





[5]  The
Fourteenth Amendment provides in part: ANo
State shall . . . deprive any person of life, liberty, or property, without due
process of law.@  U.S.
Const. amend. XIV, '
1.  The Texas Constitutional due-process
provision provides: ANo citizen of
this State shall be deprived of life, liberty, property, privileges or
immunities, or in any manner disenfranchised, except by the due course of law
of the land.@  Tex.
Const. art I, ' 19.  





[6]  Appellant
has not separately briefed the state constitutional violations, so we are not
obligated to address them. Tex. R. App.
P. 38; Heitman v. State, 815 S.W.2d 681, 690 n. 23 (Tex. Crim. App. 1991)
(requiring briefs claiming constitutional violations under both state and
federal constitutions to show how constitutional protections differ).  However, historically, courts have equated
the due course of law clause in the Texas Constitution with the guarantee of
due process under the Fourteenth Amendment of the United States
Constitution.  See Univ. of Tex. Med.
Sch. v. Than, 901 S.W.2d 926, 929 (Tex. 1995) (holding there is no
meaningful distinction between Adue
course@ and Adue
process@).  See also Sullivan v. State, 986 S.W.2d
708, 715 (Tex. App.CDallas 1999, no pet.).





[7]  Appellant
makes no claim under the Fifth Amendment of the United States Constitution,
which guarantees that the federal government may not deprive a person of
life, liberty or property interests without procedural due process.  Because he asserts only a violation of the
Fourteenth Amendment, which pertains to state deprivation of these interests,
appellant must show the interests he seeks to protect were  Acreated
and their dimensions . . . defined by existing rules or understandings that
stem from an independent source such as state law rules or understandings that
secure certain benefits and that support claims of entitlement to those
benefits.@ Paul v. Davis, 424 U.S. 693, 709, 96 S. Ct.
1155, 1164 (1976) (citing Board of Regents v. Roth, 408 U.S. 564, 577,
92 S. Ct. 2701, 2709 (1972)).  Interests
attain constitutional status Aby virtue of the fact that they have been initially
recognized and protected by state law.@  Paul, 424 U.S. at 710, 96 S. Ct. at
1164.  Interests also attain
constitutional status if they are guaranteed in one of the provisions of the
Bill of Rights, which has been Aincorporated@ into
the Fourteenth Amendment.  Id.n.5.






[8]  Cf. Bell v.
Burson, 402 U.S. 535, 543, 91 S. Ct. 1586, 1591 (1971) (holding that stateCby issuing drivers=
licensesChad recognized in its citizens a right to operate a
vehicle on the highways of the state and so could not withdraw this right
without giving petitioner due process); Morrissey v. Brewer, 408 U.S.
471, 490, 92 S. Ct. 2593, 2605 (1972) (holding that stateCbecause it had afforded parolees the right to remain
at liberty as long as the conditions of their parole were not violatedCcould not alter the status of a parolee without
providing procedural safeguards).





[9]  Appellant
acknowledges the truth of the information disseminated by the DPS.  He complains, however, that the SORP requires
registration by both dangerous and non-dangerous sex offenders; thus, he is
forced to suffer the same Asocial stigma@ as that
suffered by more dangerous offenders.  We
disagree.

The SORP provides the following
information to the public in addition to offender names and addresses: (1) a
brief description of the offense for which an offender was charged; (2) a
general description of the victim; (3) the offender=s numeric risk level; and (4) the guidelines used to
determine the offender=s risk level.  Tex. Crim. Proc. Code Ann. ' 62.03(f) (Vernon Supp. 2003).  Because the information published varies from
individual to individual, no two offenders are treated exactly alike.  





[10]  The
minimum requirements of due process are notice and an opportunity to be
heard.  Mathews v. Eldridge, 424
U.S. at 333, 96 S. Ct. at 902; Univ. of Tex. Med. Sch., 901 S.W.2d at
930. 





[11]  As pointed out
by the State, the Texas SORP is more amenable to a substantive due
process review than a procedural one. 
See Connecticut Dep=t
of Public Safety, 2003 WL 728779, at
*4 (Stevens, J., concurring) (noting such claims must be analyzed in terms of
substantive, not procedural, due process). 
To pass muster substantively, a statute that
does not affect a fundamental right or interest is valid if it bears a rational
relationship to a legitimate state interest. 
See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440,
105 S. Ct. 3249, 3254 (1985); Texas Workers=
Compensation Comm=n v. Garcia,
893 S.W.2d 504, 525 (Tex.1995).  Thus, the government
violates a party=s substantive
due process rights only when there is no rational basis for the challenged
action.  See Williamson v. Lee Optical
of Okla, 348 U.S. 483, 488, 75 S. Ct. 461, 464 (1955); Jackson v. State,
807 S.W.2d 387, 390 (Tex. App.CHouston [14th Dist.] 1991,
pet. ref=d).  

Here, the Texas legislature has a legitimate purpose to protect
the public from sexual predators.  See
Rodriguez v. State, 93 S.W.3d 60, 74 (Tex.
Crim. App. 2002) (Texas SORP promotes public safety Aby
alerting the public to the presence of sex offenders@).  Because the SORP=s
notification provisions inform citizens that sex offenders are living in their
communityCin order that
citizens may take necessary precautionsCthe
SORP is a rational means to further a legitimate State purpose.   See
id. at *2 (finding sex offenders to
be Aserious threat@); M.A.H.,
20 S.W. 3d at 866.





[12]  The
Eighth Amendment provides: AExcessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishment inflicted.@  It is applicable to the States by and through
the Fourteenth Amendment.  See
Robinson v. California, 370 U.S. 660, 667, 82 S. Ct. 1417, 1420
(1962).  Article I, Section 13 of the
Texas Constitution contains similar language. 






[13]  To
determine whether a statute is punitive or regulatory, courts follow a two-part
analysis.  Dean, 60 S.W.3d at 221.
First, the court determines the intent of the Legislature in passing the Act
(i.e., did it intend for the Act to be punitive, or was its goal merely to
provide a regulatory framework?).  Id.   Next, the court determines whether, despite
a stated non-punitive intent, the effect of the Act is Aso
punitive@ as to negate
the intention.@  Id. 
In performing the second step, the court looks at the seven factors
enumerated in Kennedy v. Mendoza-Martinez.  See Hudson v. U.S., 522 U.S. 93, 99B100,
118 S. Ct. 488, 493 (1997) (citing Kennedy v. Mendoza-Martinez, 372 U.S.
144, 168B69, 83 S. Ct.
554 (1963)).  See also Smith, 2003
WL 728556, at *2 (applying the two-part analysis and seven Kennedy
factors to find Alaska=s sex offender
registration statute to be non-punitive); Rodriguez, 93 S.W.3d at 79 (applying the two-part analysis and seven Kennedy
factors to find the Texas SORP to be non-punitive).





[14]  Again, appellant
presents no authority on how the protection guaranteed by the Texas
Constitution differs from the protection guaranteed by the United States
Constitution.  Thus, we assume appellant
claims no greater protection under the State constitution than that provided by
the federal constitution.  See Muniz,
851 S.W.2d at 251B252; Varnes, 63 S.W.3d at 829.





[15]  Again,
appellant presents no authority on how the protection guaranteed by the Texas
Constitution in Article I, Section 19 differs from the protection guaranteed by
the United States Constitution.  Thus, we
assume appellant claims no greater protection under the State constitution than
that provided by the federal constitution. 
See Muniz, 851 S.W.2d at 251B252; Varnes,
63 S.W.3d at 829.