In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-11-00429-CR
_____

BENNIE RAY JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 11-05-05840-CR

**MEMORANDUM OPINION ON MOTION FOR REHEARING**

On motion for rehearing, Bennie Ray Johnson complains that the Court misconstrued his complaint as an ex post facto challenge to the sex offender registration statute. Johnson states that his only challenge to the sex offender registration statute is that it violates the prohibition against a "retroactive law[.]" *See* Tex. Const. art. I, § 16. Johnson has not filed a civil action but has appealed his criminal conviction; however, he argues the distinction between an ex post facto challenge and a retroactive law challenge is significant because he "challenges

1

Chapter 62 in a civil context" and does not claim a punitive effect but only that the law affects a vested right. Johnson argues that the entire statute is facially void as to any person with a reportable conviction before 1999 because the Legislature amended the statute in 1999 and 2005.

On three occasions, the Court of Criminal Appeals has upheld a procedural rule or statute without expressly deciding whether the retroactive law provision of the Texas Constitution would apply in a criminal case in a manner distinguishable from the ex post facto provision. *See Fowler v. State*, 991 S.W.2d 258, 261 (Tex. Crim. App. 1999) (harmless error rule); *Ex parte Davis*, 947 S.W.2d 216, 220 (Tex. Crim. App. 1996) (successive habeas applications); *Grimes v. State*, 807 S.W.2d 582, 587-88 (Tex. Crim. App. 1991) (reversal on punishment only); *see also* Tex. Const. art. I, § 16. In the context of civil litigation, the Texas Supreme Court has observed

> the constitutional prohibition against retroactive laws does not insulate every vested right from impairment, nor does it give way to every reasonable exercise of the Legislature's police power; it protects settled expectations that rules are to govern the play and not simply the score, and prevents the abuses of legislative power that arise when individuals or groups are singled out for special reward or punishment. No bright-line test for unconstitutional retroactivity is possible. Rather, in determining whether a statute violates the prohibition against retroactive laws in article I, section 16 of the Texas Constitution, courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual

findings; the nature of the prior right impaired by the statute; and the extent of the impairment. The perceived public advantage of a retroactive law is not simply to be balanced against its relatively small impact on private interests, or the prohibition would be deprived of most of its force. There must be a compelling public interest to overcome the heavy presumption against retroactive laws. To be sure, courts must be mindful that statutes are not to be set aside lightly.

*Robinson v. Crown Cork & Seal Co., Inc.,* 335 S.W.3d 126, 145-46 (Tex. 2010) (footnotes omitted).

The Legislature enacted the sex offender registration statute "to advance public safety objectives by facilitating law enforcement's monitoring of sex offenders and by alerting members of the public who may be in an especially vulnerable situation to take appropriate precautions which could deter or prevent further crimes." *In re M.A.H.*, 20 S.W.3d 860, 863 (Tex. App.—Fort Worth 2000, no pet.). In 1999, the Legislature amended the sex offender registration law to bring the statute into compliance with federal law and because "situations that have taken place over the past few years that have shown us the weaknesses in our sex offender registration program." Senate Research Ctr., Bill Analysis, Tex. S.B. 399, 1224, 76th Leg., R.S. (1999). The 2005 amendments to the sex offender registration statute sought to "streamline, simplify, and clarify" the provisions of a sex offender registration statute that had become "too cumbersome and difficult to manage." Senate Research Ctr., Bill Analysis, Tex. C.S.H.B. 867, 79th Leg., R.S.

3

(2005). The legislation reflects a strong public interest in the safety of the public. We also note that the amendments are not overtly retroactive, as they imposed additional requirements on future registrations. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 444, § 10, 1999 Tex. Gen. Laws 2824, 2828; Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 4.01, 2005 Tex. Gen. Laws 3385, 3422.

Johnson argues his 1998 conviction established with finality the parameters of the civil sanction imposed upon him. We understand Johnson to be arguing that he had a settled expectation in the civil consequences of his criminal conviction for a sexual offense. *See Robinson*, 335 S.W.3d at 147 ("The presumption is that a retroactive law is unconstitutional without a compelling justification that does not greatly upset settled expectations."). Johnson has not shown how any additional duty imposed by the subsequent amendments to Chapter 62 upset the expectation that he was required to register within seven days of his arrival in a municipality. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, art. 62.02(a), 1997 Tex. Gen. Laws 2253, 2254.

Johnson's claim that the sex offender registration statute violates the constitutional prohibition against retroactive laws is without merit. We overrule the motion for rehearing.

MOTION FOR REHEARING OVERRULED.

_____

HOLLIS HORTON
Justice

Opinion Delivered March 6, 2013
Do Not Publish
Before McKeithen, C.J., Gaultney and Horton, JJ.