**Ex parte William Matthew ROBINSON, Appellant.**

No. 01–01–00765–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 27, 2002.

R. Trent Gaither, Gaither & Amann, Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney, Dan McCrory, Assistant District Attorney, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and RADACK.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellant, a person required to register under the Sex Offender Registration Program (SORP),[1] is charged with failure to timely report on December 5, 2000, to Seabrook Police the date of his intended move and his new address.[2] He appeals the trial court's order refusing to grant habeas corpus relief on his application that asserted the SORP statutes are unconstitutional. We affirm.

### Factual Background

On July 5, 1996, the court deferred adjudication of appellant's guilt on a charge of sexual assault of a child.[3] On March 12, 1997, the court granted the State's motion to adjudicate appellant's guilt, and sentenced appellant to two years confinement. Appellant was registered under the SORP before he was sentenced. Appellant served his prison sentence for the offense, and was released in January 1999. He lived with his mother in Houston after release, and moved to his father's residence in Seabrook in mid-December of 2000, when he allegedly failed to report this move to the appropriate local law enforcement authority as required by Texas Code of Criminal Procedure article 62.04(a). TEX.CODE CRIM. P. ANN. art. 62.04(a) (Vernon Supp. Pamph.2002). This prosecution is based on Texas Code of Criminal Procedure, article 62.10, which

---

1. TEX.CODE CRIM. P. art. 62.01, *et seq.* (Vernon Supp. Pamph.2002).

2. It appears there is a mistake in the indictment in that under the applicable statute, TEX.CODE CRIM. P. art. 62.04(a) (Vernon Supp. Pamph.2002), the offender is required to give the local law enforcement authority in the place to which he has moved, proof of identity and proof of residence seven days *after* changing residence. Here the place to which of-

fender/appellant has moved is Seabrook. Under art. 62.04(a), the entity to which he should give seven days *advanced* notice is the local law enforcement authority with *which he has last registered,* in this case, apparently the *Houston Police Department* because he was living in Houston before moving to Seabrook.

3. TEX. PEN.CODE ANN. § 22.011(a)(2) (Vernon Supp.2002).

makes it an offense if a person is required to register and fails to comply with any provisions of the SORP. *See* TEX.CODE CRIM. P. ANN. art. 62.10(a) (Vernon Supp. Pamph.2002).

The SORP required appellant to notify the local law enforcement authority where he was registered of two things: (1) his anticipated move date and (2) his new address. Art. 62.04(a). Upon notification of the move, the current local law enforcement authority would do the following: (1) forward this information to the Department of Public Safety (DPS); (2) forward this information to the applicable local law enforcement authority of the place to which the offender intended to move; and (3) if the person met criteria described by former article 62.035(c)(3)[4] to be reassigned a numeric risk level of three (no basis for concern that the person poses a serious danger to the community or will continue to engage in criminal sexual conduct),[5] forward the intended move date and address to the risk-assessment review committee. *See* former TEX.CODE CRIM. P. article 62.04(d).[6] On receipt of such information, the risk-assessment review committee would determine whether the person met the criteria to be reassigned a numeric risk level of three, assign the person that risk level, and immediately send a written notice of the person's risk level to DPS and to the local law enforcement authority in the place where the offender intended to reside. If the offender moved to another municipality or coun-

ty in the state, not later than eight days after the local law enforcement authority had received notice that the offender was moving into its municipality, the local law enforcement authority was to determine if the offender's situation met certain criteria.[7] Act of May 29, 1999, 76th Leg., R.S., ch. 1557, § 3, 1999 Tex. Gen. Laws 5354, 5357. If so, the authority should publish a notice in the newspaper and, if the victim is a child younger than 17 years of age, give notice to the public school district superintendent and any private school administrator(s) in the public school district in which the person subject to registration intends to reside. *See id.* The notice should include: (1) the person's age and gender; (2) a brief description of the offense for which the person is subject to registration; (3) the municipality, street name, and the zip code number where the person intends to reside; and (4) the person's numeric risk level assigned under this chapter and the guidelines used to determine a person's risk level generally. *Id.*

In April 2001, appellant filed his application for habeas corpus relief, asserting that the SORP violated his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, section 19 of the Texas Constitution; his protection against cruel and unusual punishment afforded by the Eighth Amendment to the United States Constitution and Article I, section 13 of the Texas Constitution; and his fundamen-

---

4. Act of May 29, 1999, 76th Leg., R.S., ch. 1557, § 2, 1999 Tex. Gen. Laws 5354, 5356.

5. Act of May 29, 1999, 76th Leg., R.S., ch. 1557, § 2, 1999 Tex. Gen. Laws 5354, 5356, now codified at TEX.CODE CRIM. P. ANN. article 62.03(c)(1) (Vernon Supp.2002).

6. Act of May 29, 1999, 76th Leg., R.S., ch. 1557, § 3, 1999 Tex. Gen. Laws 5354, 5357.

7. The criteria are: if the victim is a child younger than the age of 17, the basis on which the person is subject to registration is not an adjudication of delinquent conduct and is not a conviction or a deferred adjudication for an offense under Section 25.02, Penal Code, and the person is not assigned a numeric risk level three. Act of May 29, 1999, 76th Leg., R.S., ch. 1557, § 3, 1999 Tex. Gen. Laws 5354, 5357.

tal constitutional right to movement and to travel in and among the various states. Lastly, appellant argues the SORP is void for vagueness.

The court held a hearing on appellant's application for habeas corpus relief. Appellant's father testified about appellant's conviction of the sexual assault of a child charge, his registration under SORP, his serving the sentence, his discharge, and his residence since the time of discharge. The court also admitted DPS documents, tendered by appellant's attorney. It is not clear from the record when or how appellant's counsel obtained these records. The records give identifying information (physical characteristics like height and weight) about appellant; sex offender data, which includes arrest dates; assigned-risk level; web-site access to appellant's photo; sex offender registration record; sex offender verification record; current address; information about the offense; and appellant's plea of guilty.

### Procedural Due Process

■ In his first issue, appellant asserts that the SORP violates principles of procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution by not distinguishing between dangerous and nondangerous offenders.

■ In addressing constitutional challenges to a statute, we presume the statute is valid. *See I.N.S. v. Chadha,* 462 U.S. 919, 944, 103 S.Ct. 2764, 2780, 77 L.Ed.2d 317 (1983); *Garay v. State,* 940 S.W.2d 211, 215 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). When challenging the constitutionality of a statute, it is incumbent upon the defendant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not suffi-

cient. *Parent v. State,* 621 S.W.2d 796, 797 (Tex.Crim.App.1981).

■ The Fourteenth Amendment provides in part: "[the] State [shall not] deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Texas Constitutional due-process provision provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. We examine procedural due-process questions in two steps: the first asks whether there exists a liberty or property interest. *Ky. Dept. of Corr. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989).

In *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Supreme Court clarified how liberty and property interests derived from the states are protected by procedural due-process rights under the Fourteenth Amendment. In that case, Paul, the Louisville, Kentucky Chief of Police, distributed to merchants a flyer entitled "Active Shoplifters," with mug shots, including one of Davis. The flyers said, "these persons have been arrested [for shoplifting] in 1971 or 1972 or have been active in various criminal fields . . . ." *Paul,* 424 U.S. at 695, 96 S.Ct. at 1158. At the time Davis's picture appeared, he had been arrested for shoplifting, but his guilt or innocence had not been determined, and, the charge was later dismissed. *Paul,* 424 U.S. at 696, 96 S.Ct. at 1158. Davis claimed that the flyer impermissibly deprived him of liberty protected by the Fourteenth Amendment. *Paul,* 424 U.S. at 697, 96 S.Ct. at 1159. He argued that the "active shoplifter" designation would inhibit him from entering business establishments because he might be suspected of shoplifting, wrongfully appre-

hended, and he might lose future employment opportunities. *Id.*

The Supreme Court stated: "The words 'liberty' and 'property' as used in the Fourteenth Amendment do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law." *Paul,* 424 U.S. at 701, 96 S.Ct. at 1160. The court held:

Kentucky law does not extend to respondent any legal guarantee of present enjoyment of reputation which has been altered as a result of [Paul's] actions. Rather his interest in reputation is simply one of a number which the State may protect against injury by its tort law, providing a forum for its vindication of those interests by means of damages actions. And any harm or injury to that interest even where as here inflicted by an officer of the State, does not result in deprivation of any 'liberty' or 'property' recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under the State's laws. For these reasons we hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.

*Paul,* 424 U.S. at 711–12, 96 S.Ct. at 1165–66. In *Paul,* the Supreme Court held that for an appellant to establish a liberty or property interest in his reputation that the Fourteenth Amendment will protect against state action, the appellant must show:(1) a defamatory state action against appellant (2) accompanied by a change of appellant's status as previously recognized under state law. *See id.* Here, appellant has not established the first element of a defamatory state action against him. The

information which appellant complains the State is disseminating about him, that he has been convicted of a sexual offense, is true. Thus, appellant has not brought himself under the Fourteenth Amendment's procedural due-process protection.

Appellant also cites *Doe v. Lee,* 132 F.Supp.2d 57 (D.Conn.2001). Doe asserted that the Connecticut sexual-offender-registration law deprived him of a protected liberty interest in violation of the Fourteenth Amendment's Due Process Clause. *Id.* at 59. The Connecticut court held that, to prevail, Doe had to establish (1) that the charge against him was stigmatizing, (2) that he alleged it to be false, and (3) that the statute had caused some other tangible interest to be impaired. *Id.* at 63. This holding is not applicable to the instant case because we are not bound by Connecticut law. Even if we were, the case would not apply because appellant has not established that the information disseminated about him by the State is false.

■ Mere injury to an adult-sex-offender's reputation alone has been held to be insufficient to implicate a legitimate liberty interest under other state statutory schemes. *In the Matter of M.A.H.,* 20 S.W.3d 860, 864 (Tex.App.-Fort Worth 2000, no pet.) (collecting cases). Further, when the appellant has failed to show damage to his reputation coupled with damage to his reputation in the community, or his educational or employment opportunities, he has not established a liberty interest that entitles him to the due-process protection of Texas Constitution, article I, section 19. *See M.A.H.,* 20 S.W.3d at 865. Here, because appellant has not alleged state action disseminating false information about him that has damaged his reputation in the community, or his educational or employment opportunities, he has failed

to establish a protected liberty or property interest.

Accordingly, we overrule issue one.

### Cruel and Unusual Punishment

In issues two and three,[8] appellant asserts that the SORP offends the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution because it creates collateral consequences that infringe upon substantial liberty interests and violates the proportionality doctrine, in violation of the prohibition against cruel and unusual punishment.

 A case cited by appellant actually makes it clear that the measures in SORP providing for notification of the public that a person is a convicted sex offender do not constitute punishment. In *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), Trop challenged the constitutionality of the Nationality Act of 1940, which provided that persons, like Trop, who had been convicted of wartime desertion and had been dishonorably discharged, lost their citizenship. *See Trop,* 356 U.S. at 88, 78 S.Ct. at 591. In deciding whether the loss-of-citizenship provision of the Nationality Act of 1940 was punishment for the purpose of determining whether denationalization violated the Eighth Amendment's prohibition, the Supreme Court looked to the purpose of the statute. *Trop,* 356 U.S. at 96, 78 S.Ct. at 595. If a statute imposes

a disability to reprimand the wrongdoer or deter others, the statute is considered penal. *Id.* But, if it imposes a disability, not to punish, but to accomplish some other legitimate governmental purpose, it is nonpenal. *Trop,* 356 U.S. at 96, 78 S.Ct. at 595–96. A legitimate governmental purpose of the SORP is protecting the public from sex offenses that could be perpetrated by adult and youthful sex offenders. *See In re M.A.H.,* 20 S.W.3d at 864, 865.[9]

We overrule issues two and three.

### Right to Travel

 In issue four, appellant asserts SORP violates the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 3 and 19 of the Texas Constitutions by infringing on the fundamental right to movement and the right to travel.

 A state law implicates the right to travel when it actually deters travel, when impeding travel is its primary objective, or when it uses any classification which serves to penalize the exercise of that right. *Att'y. Gen. of N.Y. v. Soto-Lopez,* 476 U.S. 898, 903, 106 S.Ct. 2317, 2321, 90 L.Ed.2d 899 (1986). Travelers, however, do not have a constitutional right to the most convenient form of travel. *Cramer v. Skinner,* 931 F.2d 1020, 1031 (5th Cir.1991). The right to travel is subject to reasonable regulation. *Sullivan v. Univ. Interscholastic League,* 599 S.W.2d

---

8. There is a discrepancy between the issue numbering sequence appellant used in the table of contents of his brief and the issue numbering sequence he used in his "Statement of the Issues" as shown on pages five through six of his brief. We follow the latter.

9. In his reply brief, appellant cites the case of *Doe v. Otte,* 259 F.3d 979 (9th Cir.2001), cert. granted, —— U.S. ——, 122 S.Ct. 1062, 151 L.Ed.2d 966 (2002) for the proposition that even if a statute's purpose is nonpunitive, its

effects can be punitive. Aside from the fact that holdings of the 9th Federal Circuit Court of Appeals are not binding on this Court, we decline to consider its holding because it construes Alaska's sexual-offender statute, which differs from the Texas SORP in several important respects. The frequency of the reporting requirements is greater, *see Otte,* 259 F.3d at 984, and the information that must be provided includes offenders' employers, *see id.,* information not included in the Texas SORP.

860, 864 (Tex.Civ.App.-Austin 1980), *aff'd in part and rev'd in part on other grounds*, 616 S.W.2d 170, 173 (Tex.1981). The SORP has not denied appellant his fundamental right to travel. He may travel wherever he pleases. However, when he changes his residence, he must report to the local law enforcement authority. TEX.CODE CRIM. P. art. 62.04(a) (Vernon Supp. Pamph.2002). At most, appellant has demonstrated an indirect burden on his right to travel. A minor restriction on appellant's right to travel does not deny him his fundamental right to travel. *Cramer*, 931 F.2d at 1031.

Appellant presents no authority on how the protection offered by the Texas Constitution Article I, sections 3 and 19 differ from the protection guaranteed by the United States Constitution. Thus, appellant's state constitutional claim presents nothing for our review. *Infante v. State*, 25 S.W.3d 725, 727–28(Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

We overrule issue four.

### Void for Vagueness

■■■ In issue five, appellant asserts the SORP is void for vagueness in violation of the Fourteenth Amendment to the United States Constitution and Article I, section 19 of the Texas Constitution.

■■■ One aspect of the vagueness doctrine is the requirement that a legislature establish minimal guidelines to govern law enforcement. *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974). If a statute encourages arbitrary and erratic arrests and convictions, the statute is void for vagueness. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). A reviewing court is only required to examine a challenged statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *State v.*

*Gambling Device*, 859 S.W.2d 519, 522 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd).

Here, appellant is charged with violating article 62.04(a), which, in relevant part provides:

> If a person required to register intends to change address . . ., the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority with whom the person last registered . . . and provide the authority . . . with the person's anticipated move date and new address.

TEX.CODE CRIM. P. ANN. art. 62.04(a) (Vernon Supp. Pamph.2002). In *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), the Supreme Court stated:

> The terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. . . .

*Connally*, 269 U.S. at 391, 46 S.Ct. at 127. We hold that the wording of article 62.04(a) is sufficiently explicit to inform those who are subject to it, like appellant, what conduct on his part will render him liable to its penalties.

Appellant presents no authority for how the protection offered by the Texas Constitution Article I, section 19 differs from the protection guaranteed by the Fourteenth Amendment of the United States Constitution. Thus, appellant's state constitutional claim presents nothing for our review. *Infante*, 25 S.W.3d 725, 727–28.

We overrule appellant's issue five.

### Conclusion

We affirm the judgment.