**AFFIRMED; Opinion Filed October 16, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01086-CR**

**No. 05-18-01087-CR**

**No. 05-18-01088-CR**

**JUAN GUEVARA LAUREANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause Nos. 2-16-209, 2-16-210 & 2-16-224**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

A jury convicted Juan Guevara Laureano of aggravated kidnapping, evading arrest or detention with a vehicle, and aggravated assault with a deadly weapon. The jury sentenced him to the following terms of confinement: fifty years for aggravated kidnapping; ten years for evading arrest or detention with a vehicle; and ten years for aggravated assault with a deadly weapon. In a single issue, appellant argues he was denied his constitutional rights to a fair trial, due process, and equal protection when the State used his ethnicity and immigration status as a reason to deny a probated sentence.[1] We affirm the trial court's judgments.

---

[1] Because resolution of appellant's issue does not require us to discuss the facts supporting his convictions or any evidence presented during the guilt/innocence stage of trial, we do not do so. *See* TEX. R. APP. P. 47.1.

Steven Thomas, director of the Rockwall Community Supervision and Corrections Department, which is commonly referred to as the probation department, testified during the punishment phase of appellant's trial. He explained that probation officers supervise people placed on probation to ensure they comply with the terms of their probation. Thomas testified about several common terms of probation as well as programs and classes provided to probationers. When the State asked Thomas how a person's immigration status affects probation, appellant's counsel objected. After holding a hearing outside the jury's presence, the trial court determined the evidence was relevant.

After the jury returned to the courtroom, the State resumed questioning Thomas as follows:

Q.    Mr. Thomas, how does a person's immigration status affect their ability to be on probation?

[Defense Counsel]:    Your Honor, at this point I would ask that you grant me a running objection on this.

THE COURT: Yes. I will grant a running objection.

A.    Well, . . . if there's an immigration hold and they are actually deported, then while they are on probation, we would just have to file a Motion to Revoke, have a warrant active. And if they ever came back to the country, they would be picked up and put in our jail and face a Motion to Revoke their probation.

Q.    Okay. Let's take that step by step. So initially you said that a Motion to Revoke their probation would be filed fairly immediately. How long does that take?

A.    90 days. 90 days and they are considered an absconder from probation - -

Q.    Okay.

A.    - - if they haven't reported in three months.

Q.    And the reason why that would be filed, would not just be because they were deported but because they were not complying. They were not reporting, they were not following any of the terms of the probation, right?

A.    Yes, ma'am.

Q.    And they would not be doing that because they are not present to do so; is that right?

A.    Yes, ma'am.

Q.    Okay. So following your explanation then, once that Motion to Revoke is filed, then a warrant may be issued for that person's arrest; is that correct?

A.    Yes, ma'am.

Q.    That warrant is active in the United States only; is that right?

A.    Yes, ma'am.

Q.    Okay. Nobody goes looking for them anywhere else?

A.    No, ma'am.

Q. So . . . hypothetically, in theory, a person who is placed on probation and then deported could live freely for the rest of their lives in another country?

A. Yes, ma'am.

Q. With no supervision, no probation, no nothing; is that right?

A. Yes, ma'am.

Q. Hypothetically, that same person could reenter the United States illegally and as long as they flew under the radar, also live in the United States with no supervision and - - and no probation and no nothing; is that right?

A. Yes, ma'am.

Q. Okay. So the warrant for their arrest would only be applicable if and when they were ever - - ever came into contact with law enforcement again, right?

A. Yes, ma'am.

Thomas did not testify about appellant's ethnicity or immigration status. The complainant subsequently testified without objection that she believed appellant was in the United States on a work visa and had resided in the country "since he was little." Valerie Hobbs, the Operations Lieutenant for the Rockwall County Detention Center, testified over objection that appellant "has an immigration hold," which, she stated, means either he has been convicted of a crime or is in the country illegally.

In his sole issue on appeal, appellant argues he was denied a fair trial, due process, and equal protection under the United States and Texas Constitutions "when the prosecutor used his ethnicity and immigration status as a reason to deny a probated sentence." There is no question that discrimination based on race, ethnicity, or national origin is prohibited by the due process, due course of law, equal protection, and equal rights clauses of the United States and Texas constitutions. *Gutierrez v. State*, No. 05-12-01278-CR, 2014 WL 1118135, at *5 (Tex. App.—Dallas Mar. 20, 2014, no pet.) (not designated for publication) (citing *Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995)). Further, sentencing a defendant more harshly based solely on his alien status violates the defendant's constitutional right to due process. *Id.* (citing *United States v. Garcia–Cardenas*, 242 Fed. Appx. 579, 583 (10th Cir. 2007); *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991); *United States v. Gomez*, 797 F.2d 417, 419 (7th Cir. 1986); *United*

*States v. Borrero–Isaza*, 887 F.2d 1349, 1352 (9th Cir. 1989)). However, certain factors that may accompany such status may provide a rational basis to use such status against a defendant. *Id.* (citing *Infante v. State*, 25 S.W.3d 725, 727 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *Garcia–Cardenas*, 242 Fed. Appx. at 583; *Gomez*, 797 F.2d at 420).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. at 83. Before we will reverse the trial court's decision, we "must find the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Id.*

Appellant complains about Thomas's testimony, which occurred during punishment. "The issue at punishment is what sentence should be assessed." *Nunez-Rivera v. State*, No. 05-09-00071-CR, 2010 WL 338210, at *2 (Tex. App.—Dallas Feb. 1, 2010, no pet.) (mem. op., not designated for publication) (citing *Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006)). The code of criminal procedure states that at the punishment stage, both parties may offer evidence "as to any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). Evidence of a defendant's suitability for community supervision is admissible when a defendant seeks community supervision. *See Ellison*, 201 S.W.3d at 722. Article 37.07, Section 3(a) allows a jury to consider a wide range of evidence when determining whether to recommend probation. *See id.* at 718. Relevancy in the punishment phase is "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Id.* at 719; *see also Nunez-Rivera*, 2010 WL 338210, at *2. Further, "a probation officer may give an opinion on a defendant's suitability for probation." *Ellison*, 201 S.W.3d at 722–23.

Although appellant argues the State, through Thomas's testimony, used his ethnicity and immigration status as a reason to deny a probated sentence, Thomas did not testify about either.

Appellant does not cite any portion of the record in which the State raised or discussed appellant's ethnicity. To the extent the complainant testified about appellant's immigration status, appellant raised no objection to the testimony and has not preserved any complaint about this testimony for review. *See* TEX. R. APP. P. 33.1; *see also Haley v. State*, 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005). Further, to the extent Hobbs testified over objection that appellant "has an immigration hold," which means either he has been convicted of a crime or is in the country illegally, appellant does not complain about that testimony on appeal. Appellant only complains about the State's use of Thomas's testimony. Therefore, we conclude appellant has not shown the trial court abused its discretion by allowing the State to use appellant's ethnicity or immigration status as "a reason to deny a probated sentence."

To the extent we were to consider Thomas's testimony to relate to whether appellant could complete a term of community supervision because of his immigration status, we would conclude the trial court did not abuse its discretion by overruling appellant's objections to the testimony. Appellant sought community supervision; therefore, a wide-range of evidence regarding his suitability for community supervision was relevant and admissible for the jury to determine what sentences to assess. We conclude the trial court's decision to admit the evidence does not fall outside the zone of reasonable disagreement, and the trial court did not abuse its discretion by permitting Thomas's testimony about how a person's immigration status affects his ability to comply with community supervision requirements. We overrule appellant's sole issue.

We affirm the trial court's judgments.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181086F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JUAN GUEVARA LAUREANO,
Appellant

No. 05-18-01086-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-16-209.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of October, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN GUEVARA LAUREANO,
Appellant

No. 05-18-01087-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-16-210.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of October, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN GUEVARA LAUREANO,
Appellant

No. 05-18-01088-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-16-224.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of October, 2019.